UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDI CRAWFORD-JOHNSON, et al.,

      Plaintiffs,

                                       Case No. 1:20-cv-842

v.

                                       HON. JANET T. NEFF

GRAPHIC PACKAGING
INTERNATIONAL, LLC,

      Defendant.

_____/

## <u>OPINION AND ORDER</u>

Now pending before the Court is Defendant's Motion to Dismiss Complaint Pursuant to FED. R. CIV. P. 12(b)(6) (ECF No. 53).  Plaintiffs filed a Response (ECF No. 56), and Defendant filed a Reply (ECF No. 55).  Both parties filed supplements (ECF Nos. 61, 62, & 63).  For the reasons discussed below, the Court grants in part and denies in part Defendant's Motion.

## I.      BACKGROUND

This action arises out of Defendant's operation of an industrial paper mill in Kalamazoo, Michigan.  Defendant's facility is surrounded by residential neighborhoods, and Plaintiffs are residents neighboring Defendant's facility.  Multiple residents, including several named Plaintiffs, moved into the neighborhood in 2020.  In September 2020, Plaintiffs filed this class action because they claim that their properties were "physically invaded by noxious odors and physically tangible particulate fallout including calcite, dust, ash, and/or dirt" from Defendant's operations (ECF No. 1 at PageID.3).  Plaintiffs allege that this intrusion has caused substantial harm, including "diminution of property values, deprivation of Plaintiff and the Class' enjoyment of the full value

of their properties, and substantial and unreasonable interference with the use and enjoyment of their properties" (*id*. at PageID.9).  Their claims include common law nuisance in Count I and negligence in Count II.

Defendant has been processing paper for close to a century.   The Michigan Department of Environment, Great Lakes, and Energy (EGLE) has issued many Notices of Violation (NOV) for odor complaints related to Defendant's operations (ECF No. 54 at PageID.360).   Since 2010, EGLE has received eighty-nine complaints specifically regarding odors, and since 2012 has issued eight NOVs for odor violations (*id*.).   In October 2022, Defendant agreed to the terms and conditions of an Administrative Consent Order with ELGE to resolve the violations (*id*.).

## II.   ANALYSIS

### A.  Motion Standard

Defendant's Motion is filed pursuant to FED. R. CIV. P. 12(b)(6).  To survive this motion, the complaint "must contain either direct or inferential allegations which compromise all of the essential elements necessary to sustain a claim for relief under some viable legal theory." *Moher v. United States*, 875 F. Supp. 2d 739, 749 (W.D. Mich. 2012).  Plaintiffs must allege more than mere legal conclusions or recitation of the elements of their cause of action.  *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). Specifically, Plaintiffs are required to allege "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   In deciding Defendant's FED. R. CIV. P. 12(b)(6) motion, the Court construes the Complaint in a light most favorable to Plaintiff, accepting all factual allegations as true.  *Id*. at 678; *Patterson v. Novartis Pharms. Corp.*, 451 F. App'x 495, 497 (6th Cir. 2011).  Finally, the Court can consider the EGLE records presented by Defendant when deciding its 12(b)(6) motion.  *See generally Armengau v. Cline*, 7. F. App'x 336 (6th Cir. 2001); *Bassett v. Nat'l Collegiate Athletic*

*Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

B.   Discussion

Defendant's Motion presents four grounds for dismissal: (1) Plaintiffs' claims are barred by the applicable statute of limitations; (2) Plaintiffs failed to allege present physical injury or physical property damage to support a negligence claim; (3) Plaintiffs failed to allege significant harm or unreasonable interference to support a private nuisance claim and they failed to allege special, distinct harm to support a public nuisance claim; and (4) Plaintiffs' injunction request fails to identify the conduct they seek to enjoin.

Defendant first argues that both Count I and II of Plaintiffs' claims are barred by the applicable three-year statute of limitations pursuant to Mich. Comp. Laws §§ 600.5805(1)-(2). Defendant contends that, under Michigan law, the three-year statute of limitations for property damage begins to run "at the time the wrong upon which the claim is based was done regardless of the time when damage results." *Trentadue v. Buckler Automatic Lawn Sprinkler Co,* 479 Mich. 378, 387, 738 N.W.2d 664 (2007).   Defendant says that because "local residents have been complaining to EGLE regarding odors at the Facility for at least a decade," Plaintiffs' claims accrued more than three years before they filed their Complaint on September 1, 2020 (ECF No. 54 at PageID.364).   To support this argument, Defendant cites to *Burton v. Michigan Sugar Co.*, No. 341155, 2019 WL 1211455, *1 (Mich. Ct. App. Mar. 14, 2019), a case where the plaintiff claimed nuisance and negligence for the defendant's alleged release of noxious odors into their neighborhood.

Plaintiffs refute this argument, claiming that Defendant has not met its burden to show it is entitled to dismissal based on the statute of limitations.   They restate Defendant's argument as such: "because Defendant polluted the surrounding neighborhood with nuisance odors on separate

3

occasions prior to the three-year statute of limitations, it is entitled to a permanent pollution easement over Plaintiffs' land" (ECF No. 56 at PageID.408).  To support their argument that their claims are not time barred, Plaintiffs rely on *Cole v. Marathon Oil Corp.*, 711 F. App'x 784 (6th Cir. 2017).  In *Cole*, the Sixth Circuit rejected a similar argument as the one made by Defendant here, finding that "each discharge is a violation giving rise to a separate claim." *Id.* at 786.  Finally, Plaintiffs distinguish the instant case from the *Burton* case.

Defendant's first ground for dismissal is unpersuasive.  First, "a 12(b)(6) motion is generally 'an inappropriate vehicle for dismissing a claim based upon a statute of limitations.'" *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022) (quoting *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013)).  Further, Defendant has failed to convince the Court that the allegations in the Complaint "affirmatively show that the claim is time-barred," as required for dismissal on statute of limitations grounds at this stage.  *Cataldo v. United States Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

Furthermore, the Court finds that Plaintiffs' claims are not barred by the statute of limitations.  Under Michigan law, "each alleged violation . . . is a separate claim with a separate time of accrual."  *Cole*, 711 F. App'x at 786 (citing *Dep't of Envtl. Quality v. Gomez*, 318 Mich. App. 1, 28, 896 N.W.2d 39, 53 (2016)).  Defendant's argument is directly at odds with this, and if taken to its logical conclusion, would mean that companies which have been in business for a long time would effectively be immune from suit because the statute of limitations began to run when the first pollutive act occurs.  This is incorrect under applicable law and an absurd outcome.

The Court is also unpersuaded by Defendant's comparison to *Burton*.  Unlike in *Burton*, here there has been no prior suit against Defendant by similarly situated plaintiffs.  Further, Plaintiffs' Complaint alleges incidents of noxious odors within the three-year statute of limitations;

4

specifically, they allege the most recent independently documented violation by Defendant was on May 14, 2019.   In fact, there are multiple class members who moved into the neighborhood in 2020, bringing their allegations well within the statutory period.  Accordingly, Defendant's first ground for dismissal is denied, and Plaintiff's claims are not barred by the three-year statute of limitations.

Next, Defendant argues that Plaintiffs' negligence claim (Count II) fails because they did not allege present physical injury or physical property damage (ECF No. 54 at PageID.365). Defendant argues that under Michigan law, Plaintiffs were required to "demonstrate a present physical injury to person or property in addition to economic losses that result from that injury" to succeed on their negligence claim (ECF No. 54 at PageID.365) (citing *Henry*, 701 N.W.2d at 690). Specifically, it argues that "a present financial injury—such as loss of property value" is insufficient to sustain a negligence claim without an "accompanying physical injury."  *Morely v. Michigan Sugar Co*., No. 354085, 2021 WL 5405867, at *6 (Mich. Ct. App. Nov 18, 2021).  In sum, Defendant's argument is that Plaintiffs have failed to allege present physical injury or physical property damage, and only allege economic loss in the form of diminution in property values, deprivation of the full value of their properties, and interference with the use and enjoyment of their properties.

Plaintiffs respond that they have shown an "actual, present, injury," which is all that is required to sustain a negligence claim under Michigan law.  *Doe v. Henry Ford Healthy Sys.*, 308 Mich. App. 592, 600, 865 N.W.2d 915, 921 (2014).  Citing a later opinion in the same case that Defendant relies on, Plaintiffs highlight that both significant and continuing interference with the use and enjoyment of Plaintiffs' property and diminution in property value from the physical invasion of noxious or hazardous pollutants constitutes "a present physical injury" sufficient to

"support their negligence claims." *Henry v. Dow Chem. Co. ("Henry III")*, 319 Mich. App. 704, 725, 905 N.W.2d 422, 433 (Mich. Ct. App. 2017) (*rev'd on other grounds,* 501 Mich. 965, 905 N.W.2d 601 (2018)).

The Court agrees with Plaintiffs' analysis of this argument.  It is well understood that within the "bundle of rights" a landowner enjoys is the "broad freedom to make legal use of her property." *Thiel v. Goyings*, 504 Mich. 484, 496, 939 N.W.2d 152, 156 (2019).  In light of *Henry III*, Plaintiffs have sufficiently pled "a present physical injury to support their negligence claims" by alleging both significant and continuous interference with the use and enjoyment of their property and diminution of their property values because of the entry of noxious pollutants on to their property from Defendant's operations.  *Henry III*, 905 N.W.2d at 433.  Thus, Defendant's second ground for dismissal is denied.

Defendant's third argument has two parts, attacking in turn private and public nuisance claims presented by Plaintiffs.  First, Defendant argues that Plaintiffs have failed to allege significant harm or unreasonable interference to support a private nuisance claim.  Defendant argues that to assert a private nuisance claim, Plaintiffs were required to allege a significant harm resulting from Defendant's unreasonable interference with the use and enjoyment of their property. *Adams v. Cleveland-Cliffs Iron Co.*, 237 Mich. App. 51, 66, 602 N.W.2d 215, 222 (Mich. Ct. App. 1999).  Defendant claims that Plaintiffs have failed to sufficiently support this private nuisance claim.

Plaintiffs respond by highlighting that "the essence of private nuisance is the protection of a property owner's or occupier's reasonable comfort in occupation of the land in question." *Adkins v. Thomas Solvent Co.*, 440 Mich. 293, 303, 487 N.W.2d 715, 720 (1992).  Plaintiffs point to their allegations that the "unbearable" noxious odors from Defendant's operations have caused "burning

eyes, constant coughing, and extensive limitations on the comfortable use and enjoyment of private households" (ECF No. 56 at PageID.414).  The test for private nuisance considers whether an activity would cause "actual physical discomfort to persons of ordinary sensibilities." *Smith v. Western Wayne Co. Conservation Ass'n*, 380 Mich. 526, 536, 158 N.W.2d 463, 468 (1968). Finally, Plaintiffs argue that this is at the very least a question of fact, for which they are entitled to discovery. *See De Longpre v. Carroll*, 331 Mich. 474, 476, 50 N.W.2d 132, 133 (1951).

The Court is unpersuaded by Defendant's arguments regarding private nuisance.  Plaintiffs have sufficiently plead facts supporting a private nuisance claim to survive a 12(b)(6) motion. Plaintiffs claim that the continued, well-documented intrusion of noxious odors from Defendant's facility onto their properties has caused significant discomfort and impacted their property values. These facts are exactly the type to be resolved by a private nuisance claim, and Defendant's arguments to the contrary are unpersuasive.

Defendant also argues that Plaintiffs failed to allege special, distinct harm to support a public nuisance claim.  To sufficiently allege public nuisance, Plaintiffs are required to allege they suffered damages "of a special character . . . distinct and different from the injury suffered by the public generally," (ECF No. 54 at PageID.363) (citing *Holland v. State Farm Mut. Auto. Ins. Co.*, No. 322438, 2015 WL 5311590, at *9 (Mich. Ct. App. Sept. 10, 2015)).  Essentially, Defendant argues that Plaintiffs failed to allege any special or distinct harm, and instead alleged harm "typical" of other residents within the proposed class.

Plaintiffs claim to have sufficiently alleged "an unreasonable interference with a common right enjoyed by the general public." *Cloverleaf Car Co. v. Phillips Petroleum Co.*, 213 Mich. App. 186, 190, 540 N.W.2d 297, 300 (1995).  Plaintiffs rest their public nuisance claim essentially on the public's right to breathe unpolluted and uncontaminated air.

The Court finds that Plaintiffs have not sufficiently pled the required special and distinct harm necessary to support a public nuisance claim.  The continued interference with their use and enjoyment of their property, deprivation of the full value of their property, and decreased property values are sufficient for a private nuisance claim but are not special and distinct as required for a public nuisance claim.  Defendant's third ground for dismissal of Plaintiffs' public nuisance claim is accepted, and the public nuisance claim within Plaintiffs' Count I is dismissed.

Defendant's final argument for dismissal under FED. R. CIV. P. 12(b)(6) is that Plaintiff's injunction request is "wholly deficient" (ECF No. 54 at PageID.370).  In short, Defendant asserts that Plaintiffs failed to identify the specific conduct they wish to enjoin, and Plaintiffs' "mere reference" to injunctive relief is insufficient to provide it notice (*id.*).

Plaintiffs reply by highlighting that there is no authority abolishing the availability of injunctive relief as "a line item of damages in a valid tort claim" (ECF No. 56 at PageID.415 (citing *Zdrojewski v. Murphy*, 254 Mich. App. 50, 78, 657 N.W.2d 721, 737 (2002).  Because injunctive relief would be an appropriate remedy for the harms alleged, they ask the Court to reject Defendant's arguments.

The Court agrees with Plaintiff and finds no authority to support dismissal of Plaintiffs' prayer for injunctive relief at this stage.  Because an injunction may be the proper remedy to address Plaintiffs' alleged harms, the Court finds dismissal of such premature.  Defendant's final grounds for dismissal are rejected.

### III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion for Dismissal for Failure to State a Claim Pursuant to FED. R. CIV. P. 12(b)(6) is GRANTED as to Plaintiffs' public nuisance claim

and DENIED as to Plaintiffs' private nuisance and negligence claims.

**IT IS FURTHER ORDERED** that Defendant shall file its answer/responsive pleading to Plaintiffs' Complaint within fourteen (14) days of today's date.

Dated:  July 7, 2023                                      /s/ Janet T. Neff
                                                        JANET T. NEFF
                                                        United States District Judge

9