UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDI CRAWFORD-JOHNSON et al.,

        Plaintiffs,

v.

GRAPHIC PACKAGING
INTERNATIONAL, LLC,

        Defendant.
_____/

Case No. 1:20-cv-842

HON. ROBERT J. JONKER

**ORDER**

    The Court set this matter for a Rule 16 status conference on July 11, 2025, to address the future of the case following this Court's denial of a Rule 23(b)(3) class certification. The Order setting the Conference specified the information the Court needed the parties to provide by July 1 so the Court could prepare for the hearing. (ECF No. 141). The Court later extended that reporting date to July 8 at the request of the parties. (ECF No. 143).

    The parties filed a document entitled "Joint Status Report" on July 8, but it is anything but that in substance. (ECF No. 144). Rather than provide the information the Court specified in its original Order, the parties simply asked the Court to delay the status conference itself for 10 days because the parties believe they "may be able" to reach a settlement agreement with some additional time. *Id*. They did not even propose an alternate date for providing the information the Court originally required.

    Of course, most civil cases eventually resolve by settlement. And the Court is naturally supportive of settlement efforts. But none of that excuses the parties' obligation to comply with the Orders of the Court. And the parties have not done that yet. Despite the grace of an extended

deadline for the Joint Status Report, the parties simply filed a document with the right title but none of the required information.  They need to correct that forthwith and file a real Joint Status Report that complies with the Order of the Court.

In the meantime, the Court DENIES the proposed adjournment of the status conference.  (ECF No. 144).  Of course, settlement discussion can and should proceed with or without a status conference and a new Case Management Order.  But the parties and the Court also need to know what the future shape of the case will be if settlement talks break down, or if there is some other currently unforeseen barrier to implementing an agreement in principle.  And a status conference also gives the Court an opportunity to make a better assessment of how likely and how imminent a settlement really is, and how much time, if any, may be appropriate to wait for current discussions to conclude, one way or the other.

Accordingly, the parties' request for an adjournment of the status conference is DENIED.  The parties shall forthwith file the Joint Status Report that was originally due July 1, and that was due yesterday after the Court granted the parties' request for an extension of that deadline.

IT IS SO ORDERED.


Dated:   July 9, 2025                             /s/ Robert J. Jonker
                                                  ROBERT J. JONKER
                                                  UNITED STATES DISTRICT JUDGE